# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JEFFREY P. KASPRZYK, INDIVIDUALLY, AND AS NEXT FRIEND OF AUDREY L KASPRZYK, JEFFREY D KASPRZYK, AND MATTHEW C KASPRZYK, MINORS | § § § § § § | Civil Action No. 4:16-CV-00273 Judge Mazzant |
| v. | § § | |
| UNITED STATES OF AMERICA | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. #5). Having considered the relevant pleadings, the Court finds that the motion should be granted.

### BACKGROUND

Plaintiffs allege that they were injured in a car accident caused by a U.S. postal worker's negligence on April 25, 2014 (Dkt. #1 at p. 4). On May 5, 2014, Plaintiffs notified Defendant of their claim and stated that they would provide medical expenses and records as they became available (Dkt. #5, Exhibit A at p. 6). On May 15, 2014, Defendant sent Plaintiffs a letter detailing the claim requirements under Standard Form–95 ("SF–95"), the form the government uses to handle administrative claims under the Federal Tort Claims Act ("FTCA") (Dkt. #5 at p. 2). The letter stated that Defendant could not process Plaintiffs' case until the SF–95 requirements were met (Dkt. #5, Exhibit A at p. 8–9). The letter further stated that Plaintiffs' "submission must reflect a specific and total dollar amount (sum certain)" (Dkt. #5, Exhibit A at p. 8). On September 8, 2015, Defendant sent Plaintiffs another notice explaining the proper procedure for submitting a claim (Dkt. #5, Exhibit A at p. 13–14). The notice instructed

Plaintiffs not to return the claim form "until you are prepared to enter a final sum certain (specific and total dollar amount) . . . However, you must submit the claim so that it is received by this office within the two year statute of limitations." (Dkt. #5, Exhibit A at p. 13).

Plaintiffs did not reply to the Defendant's letter, but filed suit on April 25, 2016 (Dkt. #1). Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction on July 5, 2016 (Dkt. #5). Plaintiffs filed an opposition to Defendant's motion on July 19, 2016 (Dkt. #7 at p. 2). On July 29, 2016, Defendant filed a reply (Dkt. #10).

## LEGAL STANDARD

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009) (citations omitted). The FTCA waives the United States' sovereign immunity for claims alleging personal injury caused by the negligent act or omission of "any employee of the Government while acting within the scope of his office or employment." *Id.* at 335. "[A] lawsuit may be brought under the FTCA only after presenting the claim to the appropriate federal agency and receiving a denial of the claim." *Wardsworth v. United States*, 721 F.2d 503, 505 (5th Cir. 1983). "[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for . . .personal injury . . . ." *Id.* (citing 28 C.F.R.§ 14.2(a)).

The requirement to present a sum certain claim to the agency is jurisdictional and cannot be waived. *Id. See also Martinez v. U.S.*, 728 F.2d 694, 697 (5th Cir. 1984). A notice of claim under the FTCA must state a dollar amount to be considered a claim for money damages in a sum certain. *Barber v. U.S.*, 642 F. App'x. 411, 415 (5th Cir. 2016). However, "no particular

2

form of notice is required" and "the absence of a formal statement of a sum certain in the claim" does not defeat a court's jurisdiction. *Wardsworth*, 721 F.2d at 505; *Martinez*, 728 F.2d at 697. Information in a complaint placing a value on the claim is "sufficient to meet the sum-certain amount as well as give notice of the claim." *Stancomb v. U.S.*, 121 F. Supp. 2d 1019, 1021 (E.D. Tex. 2000).

"Tort claims must be presented to the appropriate agency within two years after such claim accrues or else they will be barred by limitations." *Stancomb*, 121 F. Supp. 2d at 1021. "[A] claimant has two years to bring his claim to the attention of the appropriate agency and then six months after the claim is finally denied, to file a civil action in federal court. If the agency does not act on the claim within six months of receipt, the claimant may deem the claim to be finally denied and may file a civil action in federal court any time thereafter." *Id.* (citing 28 U.S.C. § 2675).

## ANALYSIS

Here, Plaintiffs can show that Defendant had written notice of their claim and a sum certain within two years of the date of the accident. Plaintiffs allege they were injured on April 25, 2014 (Dkt. #1 at p. 4). Plaintiffs' initial correspondence with Defendant did not state a dollar amount and thus did not present a claim for money damages in a sum certain. However, Plaintiffs' April 25, 2016 complaint states that Plaintiff Jeffrey P. Kasprzyk seeks damages in an amount less than $100,000 and Plaintiffs Audrey L. Kasprzyk and Mathew C. Kasprzyk seek damages under $50,000 (Dkt. #1 at pp. 7–8). This information in the complaint is sufficient to meet the sum certain amount as well as give notice of the claim. *See Stancomb*, 121 F. Supp. 2d at 1021.

Although the complaint provides Defendant notice of Plaintiffs' claim and states a dollar amount in sum certain within the two-year statute of limitations, Plaintiffs must nevertheless exhaust their administrative remedies before pursuing a civil action in federal court. "The subject matter jurisdiction of [the Court] is conditioned on compliance with 28 U.S.C. § 2675(a), which declares that an action shall not be instituted unless the plaintiff has filed an administrative claim and that claim has been denied or presumed denied because six months have passed." *Stancomb*, 121 F. Supp. 2d at 1021. The complaint should therefore be dismissed without prejudice with leave to refile the complaint if Defendant denies the claim in accordance with 8 U.S.C. § 2675.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion is **GRANTED** and Plaintiffs' case is dismissed without prejudice.

All relief not previously granted is hereby denied.

The Clerk is directed to close this civil action.

**SIGNED this 26th day of October, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE