# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JEFFREY P. KASPRZYK, INDIVIDUALLY, AND AS NEXT FRIEND OF AUDREY L KASPRZYK, JEFFREY D KASPRZYK, AND MATTHEW C KASPRZYK, MINORS | § § § § § | |
| | § | Civil Action No. 4:16-CV-00273 |
| | § | Judge Mazzant |
| v. | § § | |
| UNITED STATES OF AMERICA | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant United States of America's Motion for Reconsideration of the Court's October 26, 2016 Memorandum Opinion and Order (Dkt. #14). Having considered the relevant pleadings, the Court is of the opinion that the motion should be granted.

## BACKGROUND

Plaintiffs filed suit on April 25, 2016, alleging that they were injured in a car accident caused by a U.S. postal worker's negligence on April 25, 2014 (Dkt. #1). The United States filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction on July 5, 2016 (Dkt. #5). On October 26, 2016, the Court granted the United States' motion and dismissed Plaintiffs' claim without prejudice. On October 28, 2016, the United States filed a motion for reconsideration (Dkt. #14). Plaintiffs did not file a response.

## LEGAL STANDARD

A motion seeking "reconsideration" may be construed under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004); *see also Milazzo v. Young*, No. 6:11-cv-350-JKG, 2012 WL 1867099, at *1 (E.D. Tex. May 21,

2012). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion." *Milazzo*, 2012 WL 1867099, at *1; *see Shepherd*, 372 F.3d at 328 n. 1; *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, No. H-08-2931, 2011 WL 798204, at *2 (S.D. Tex. Mar. 1, 2011)). The United States filed its motion for reconsideration within 28 days of the order that granted its motion to dismiss and, therefore, the motion will be considered a Rule 59(e) motion.

A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly." *Milazzo*, 2012 WL 1867099, at *1 (citing *Templet*, 367 F.3d at 479).

## ANALYSIS

In its order dismissing Plaintiffs' claim for lack of subject matter jurisdiction, the Court found that Plaintiffs did not exhaust their administrative remedies before pursuing a civil action in federal court. However, the Court dismissed Plaintiffs' claim without prejudice, stating that Plaintiffs' complaint served as notice of a sum-certain claim within two years of the date of the accident. Upon reconsideration, the Court finds it is appropriate to correct its decision and

dismiss Plaintiffs' claim with prejudice.  Although Plaintiffs filed their complaint within the two year limitation period of 28 U.S.C. §2401(b), the postal service did not receive notice of a sum-certain claim within the two year limitation period.  The Court thus erred in finding that Plaintiffs' provided notice of a sum-certain claim within the two year limitation period.

## CONCLUSION

It is therefore **ORDERED** that the Court's October 26, 2016 memorandum opinion and order (Dkt. #13) is hereby vacated to the extent the analysis is inconsistent with this opinion.  The Court hereby incorporates the background and legal standard sections of its October 26, 2016 memorandum opinion and order to this opinion.  It is further **ORDERED** that Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. #5) is hereby **GRANTED** with prejudice.

**SIGNED this 29th day of November, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE